Argued and submitted June 15, appeal dismissed November 21, 1990

In the Matter of the Marriage of

Paula Regina BOGART,
*Respondent,*
*and*

Steven Ray BOGART,
*Appellant.*

(89-1549-D-2; CA A62145)

801 P2d 849

Richard B. Thierolf, Jr., Medford, argued the cause for appellant. With him on the brief was Jacobson, Jewett & Thierolf, P.C., Medford.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an appeal in a dissolution of marriage proceeding by father from a "Judgment (Proposed) Governing Child Custody" that awarded permanent custody of the parties' children to mother. Because there is no appealable judgment, we dismiss the appeal.

After protracted litigation concerning temporary custody of the children and visitation, the court purported to determine permanent custody before deciding other issues in the dissolution proceeding. *See* ORS 107.105(1)(a). The court issued the "proposed" judgment, which decided only custody and visitation and provided:

> "3.    There is no just reason for delay in making this judgment final, for purposes of ORCP 67B., so the clerk is directed to enter this as a final judgment."

There has been no judgment of dissolution.

Father asserts that, under ORS 19.010(2)(e), because the judgment was entered in accordance with ORCP 67B, it is appealable. ORCP 67B provides, in part:

> "When more than one claim for relief is presented in an action, * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Father argues that, because ORS 107.105(1)(a) allows the trial court to hold a hearing to "decide the custody issue prior to any other issues," child custody becomes a separate claim subject to ORCP 67B.

The statutory authority to decide one issue in a dissolution trial before other issues does not make that issue a "claim for relief," as that term is used in ORCP 67B. As the Supreme Court explained in *May v. Josephine Memorial Hospital,* 297 Or 525, 530-31, 686 P2d 1015 (1984):

> "The purpose of [ORCP 67B] is to make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties, when it is necessary to avoid injustice. The rule is not intended to abandon the long-standing policy against piecemeal appeals."

■     A trial court cannot make decisions that are truly intermediate appealable, simply by labeling them judgments. The two criteria of ORCP 67B, that the court make a finding that there is no just reason for delay and that it direct that a judgment be entered, are predicated on the requirement that the decision adjudicates a claim for relief. The relief sought in a dissolution case is dissolution of the marriage. The various issues enumerated in ORS 107.105 are not distinct, separate claims. Until dissolution is adjudged, the court's decisions respecting those issues are interlocutory and cannot be made separately appealable under ORCP 67B.

Appeal dismissed. No costs to either party.