Submitted on court's own motion to dismiss appeal from limited judgment; appeal dismissed as to limited judgment entered on July 12; appeal to proceed as to judgments entered on November 15 and December 7, 2006, as decided April 4, 2007

In the Matter of the Marriage of

Michael Patrick BERG,
*Petitioner-Appellant,*

*and*

Lorna Lyn BERG,
*Respondent-Respondent.*

Klamath County Circuit Court
0402463CV; A134225

156 P3d 171

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

In this dissolution of marriage action, husband has appealed from (1) a Limited Judgment of Dissolution of Marriage, (2) a General Judgment of Dissolution of Marriage and Money Judgments, and (3) a Corrected/Amended Judgment of Dissolution of Marriage and Money Judgments. On our own motion, we consider whether husband timely appealed from the limited judgment. ORS 19.255(1). We conclude that he did not and dismiss the appeal as to the limited judgment.

On July 12, 2006, the limited judgment, which dissolved the parties' marriage and decided other ancillary matters, was entered. No notice of appeal was filed within 30 days. On November 15, 2006, the general judgment, which determined child support, parenting time, and insurance matters, was entered. On December 7, 2006, the corrected/amended judgment, which changed the amount of child support, was entered. On December 8, 2006, husband filed a notice of appeal stating that he was appealing all three judgments.

ORS 18.082(1)(c) provides that a judgment that has been entered in the register "[m]ay be appealed in the manner provided by law[.]" ORS 19.205(1) provides that "[u]nless otherwise provided by law, a limited judgment * * * may be appealed as provided in this chapter." Finally, ORS 19.255(1) provides that the notice of appeal must be served and filed within 30 days after the judgment is entered in the register.

The question in this case is whether the limited judgment was appealable. If the limited judgment was appealable, then husband's appeal of that judgment is untimely, because ORS 19.255(1) requires that the appellant serve and file a notice of appeal within 30 days of entry of the judgment, and there is no question that husband failed to meet that statutory deadline.

A judgment is the concluding decision of the court "on one or more requests for relief in one or more actions, as reflected" in the written judgment. ORS 18.005(8). In turn, ORS 18.005(16) defines a "request for relief," in part, as "a claim * * * or any other request for a determination of the

rights and liabilities of one or more parties in an action that a legal authority allows the court to decide * * *."

In *Bogart and Bogart*, 104 Or App 325, 801 P2d 849 (1990), we considered whether a document that only awarded permanent custody of the parties' children, but did not dissolve the parties' marriage, was appealable. We held that

> "[t]he relief sought in a dissolution case is dissolution of the marriage. The various issues enumerated in ORS 107.105 are not distinct, separate claims. Until dissolution is adjudged, the court's decisions respecting those issues are interlocutory and cannot be made separately appealable under ORCP 67B [(1989)]."

*Id.* at 328.

■ Here, by contrast, the limited judgment dissolved the parties' marriage. That was the "request for relief" requested in the petition for dissolution of marriage. The fact that there remained important ancillary matters for resolution did not preclude the entry of a judgment that dissolved the parties' marriage. Oregon law allows bifurcation of other issues. ORCP 53 B allows the trial court to bifurcate issues. ORS 107.105(1) allows the trial court to determine custody prior to deciding other issues. The judgment was appealable.[1] No appeal was filed within the time limits provided in ORS 19.255(1). The December 8, 2006, notice of appeal from the July 12, 2006, limited judgment was therefore untimely.[2]

Appeal dismissed as to limited judgment entered on July 12, 2006; appeal to proceed as to judgments entered on November 15 and December 7, 2006.

---

[1] We do not reach the issue of whether any ancillary matters addressed in the limited judgment were properly reviewable only in an appeal from that judgment.

[2] The limited judgment was mislabeled in that a limited judgment is one that is entered before the entry of a general judgment and that resolves one, but fewer than all, requests for relief. ORS 18.005(13)(d). As discussed above, the limited judgment resolved the "request for relief"—dissolution of the parties' marriage. A general judgment should have been entered because a general judgment decides all requests for relief, subject to certain exceptions. ORS 18.005(7). However, the mislabeling of a judgment does not mean that the mislabeled judgment is not appealable. *See Galfano v. KTVL-TV*, 196 Or App 425, 438, 102 P3d 766 (2004) (a judgment is appealable if it satisfies the definition of a judgment in ORS 18.005).