Argued and submitted August 21, affirmed December 5, 2007

In the Matter of the Marriage of

Natalia CAM,
*Petitioner-Respondent,*

*and*

Ivan CAM,
*Respondent-Appellant,*

*and*

Yavarki CAM,
Larry Cam, Evsey Cam,
Simon Cam and Stipanida Cam,
*Third Parties in Interest.*

Marion County Circuit Court
00C32234; A131304

174 P3d 1018

Kevin T. Lafky argued the cause for appellant. With him on the brief was Mindy Stannard.

Gordon L. Dick argued the cause and filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Husband appeals from a trial court order setting aside the judgment of dissolution in this case. We affirm for reasons different from those on which the trial court relied.

The facts that are relevant to our disposition are not in dispute. The parties negotiated in an attempt to settle the case. Husband believed that they had agreed on a settlement, but wife argues that they had not. In early July 2005, husband's counsel drafted a judgment that he believed incorporated the terms of the settlement and presented it to the court. The court signed the judgment on July 7, 2005, and the court clerk entered it in the register on July 19, 2005. In addition to dissolving the parties' marriage, the judgment resolved issues of child custody and support, spousal support, and property division. *See* ORS 107.105 (describing issues that court may decide when entering judgment of dissolution of marriage). As part of the property division, the judgment granted wife a money judgment against husband for $225,000, to be secured by "one adequate parcel of real property," and awarded her another specific parcel outright. The judgment also required husband to pay $25,000 toward the judgment within 30 days of its entry.

On June 24, 2005, before presenting the judgment to the trial court, husband filed a petition for relief under Chapter 13 of the Bankruptcy Code. However, he did not file necessary documents within the required time and, on July 29, 2005, the bankruptcy court dismissed the petition on the motion of the trustee. Although the trial court was unaware of the fact, the bankruptcy case was active when the court entered the judgment of dissolution in this case.

On August 9, 2005, wife moved to set the dissolution judgment aside on a number of grounds, including that husband had concealed a substantial asset and that the automatic stay under the Bankruptcy Code, 11 USC section 362(a), made it improper for the court to have entered the judgment when it did. On January 27, 2006, the trial court granted the motion to set the judgment aside on the grounds

that the parties had not reached an agreement and that husband had concealed assets; it did not discuss the effect of the bankruptcy filing.

On appeal, the parties focus their arguments on the grounds on which the trial court relied in setting the judgment aside, all of which relate to the property division portions of the judgment. Although neither party refers to the bankruptcy filing, wife's excerpt of record on appeal includes copies of the bankruptcy court clerk's docket and of the order dismissing the petition. Both parties' excerpts of record include a copy of wife's motion to set the judgment aside, in which she argued that, as a result of the bankruptcy filing, it was improper for the trial court to have entered the judgment. Before the trial court, wife based her motion on ORCP 71 without referring to a particular subsection. On appeal, she argues that the motion was based on either ORCP 71 A, which authorizes the trial court to correct clerical errors in its judgments, or ORCP 71 C, which provides, among other things, that the rule does not affect the inherent power of a court to set aside a judgment for fraud on the court. She does not rely on ORCP 71 B(1)(d), which authorizes the court to relieve a party from a void judgment.

Because wife has not expressly raised the issue of the effect of the bankruptcy filing on the validity of the property division portions of the judgment on appeal, we normally would not consider it. However, the issue before us is whether the trial court erred in setting the judgment aside. The record contains the necessary information concerning the bankruptcy, and, for the reasons that we discuss below, the bankruptcy made those portions of the judgment void. Wife's failure to expressly rely on ORCP 71 B(1)(d) on appeal does not prevent us from considering it; an argument—or, in these circumstances, evidence in the record and presented to us—that a judgment is void necessarily implicates that rule. *See Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 336 n 3, 45 P3d 983 (2002). In addition, a void judgment is a nullity *ab initio*, there is no time limit for moving to set it aside, and it is an abuse of discretion for a court to fail to do so. *Estate of Selmar A. Hutchins v. Fargo*, 188 Or App 462, 469-70, 72 P3d 638 (2003). Thus, once we have information that shows that all or a portion of a judgment is void, we must

take that fact into consideration in deciding the case.[1] We turn to the issues that are decisive for this appeal.

■ ■ The automatic stay is "the lynchpin of the Bankruptcy Code," *In re Nelson*, 335 BR 740, 748 (Bankr D Kansas 2004), and a state court should be particularly careful to honor it. Because the automatic stay rendered the property division portions of the judgment void and, because we conclude that as a result the trial court did not err in setting the entire judgment aside, we will focus on it. 11 USC section 362(a) (2004)[2] provides, in part:

> "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—
>
> "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title[.]"

11 USC section 362(b)(2) (2004) limits those provisions by providing that the automatic stay does not apply to the commencement or continuation of an action or proceeding for

> "(A)   * * *
>
> "(i)   the establishment of paternity; or
>
> "(ii)   the establishment or modification of an order for alimony, maintenance, or support; or

---

[1] We thus reach the issue for reasons similar to those involved in the "right for the wrong reason" doctrine.

"Under the 'right for the wrong reason' doctrine, we will affirm a trial court ruling, even if the court's legal reasoning for the ruling was erroneous, if (1) the facts of the record are sufficient to support the proffered alternative basis; (2) the trial court's ruling is consistent with the view of the evidence under the alternative basis; and (3) the record is materially the same as would have been developed had the prevailing party raised the alternative basis for affirmance below. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001)."

*State v. Bentz*, 211 Or App 129, 134, 158 P3d 1081 (2007).

[2] Congress amended 11 USC section 362 in 2005 by several sections of Public Law 109-8. Although the amendments do not affect our analysis, we will rely on the version that was in effect at the time of the events that are relevant to our decision and at the times involved in the cases on which we rely.

"(B)  of the collection of alimony, maintenance, or support from property that is not property of the [bankruptcy] estate[.]"

The stay applies immediately, without the necessity of providing notice to the parties or courts that it affects. "Such actions are invalid, whether or not a creditor acts with knowledge of the stay." *In re Cueva*, 371 F3d 232, 236 (5th Cir 2004); *see also In re Godfrey*, 102 BR 769 (9th Cir BAP 1989) (bankruptcy petition that bankruptcy court accepted at 12:29 p.m. invalidated foreclosure sale that occurred at a different location at 12:30 p.m., even though clerk did not stamp petition "filed" until 12:33 p.m.); *In re Johnston*, 321 BR 262, 273 (D Ariz 2005) ("[t]he stay is self-executing and is effective upon the filing of the bankruptcy petition"); *Island Ins. Co. v. Santos*, 86 Haw 363, 367, 949 P2d 203, 207 (Haw App 1997) (judicial and nonjudicial actions in violation of automatic stay are void and without legal effect, unless and until bankruptcy court retroactively annuls stay).

■    The judgment that the trial court entered during the pendency of husband's bankruptcy case purported to divide the parties' real property and to require husband to make payments on the money judgment that was part of that property division. So far as we can tell from the record, all of husband's interest in the property was part of the bankruptcy estate. The entry of that judgment was the continuation of a judicial action against husband that was commenced before the commencement of the bankruptcy case. That is precisely what the automatic stay prohibits a court from doing.[3] Those portions of the judgment are void, and the trial court correctly set them aside.[4] On the other hand, the portions of the judgment that dissolved the marital relationship and that provided for spousal and child support fit into the exceptions to the automatic stay. The automatic stay did not render those portions void. *See In re Nelson*, 335 BR at 747, 750, 752 (portions of dissolution judgment that express claims against

---

[3] "The continuation of a judicial action in violation of the stay is as disruptive to a bankruptcy proceeding as the commencement of one." *In re Johnston*, 321 BR at 284.

[4] Because the judgment is void as a matter of federal law, we do not need to consider whether it meets the state standard for voidness. *See Ketcham v. Selles*, 304 Or 529, 534-35, 748 P2d 67 (1987).

debtor or estate or that affect property of estate are void; those that terminate marital relationship or relate to child custody and support and parenting plan are not).[5]

■       The remaining question is whether the trial court erred in setting aside the entire judgment rather than simply the void property division portions. We conclude that it did not. The court originally entered the judgment under the authority of ORS 107.105(1), which provides that, "[w]henever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment" for a wide variety of additional matters, including child custody and support, parenting time, spousal support, and property division. Under the statute, a judgment for dissolution of marriage is the vehicle for finally resolving all aspects of the parties' legal relationship. The statute contemplates the entry of a general judgment that resolves all the parties' requests for relief, as does the judgment at issue in this case; as the relevant statute requires, it is labeled "general judgment." *See* ORS 18.082(1) (general judgment is exclusive statement of court's decision in case).

■       We review the trial court's decision to set aside the judgment under ORCP 71 for an abuse of discretion. *See, e.g.*, *Owens and Owens*, 182 Or App 473, 477, 49 P3d 111 (2002). If it had consciously chosen to do so, the trial court could have entered a general judgment dissolving the parties' marriage without resolving the other issues between the parties. *Berg and Berg*, 211 Or App 703, 706, 156 P3d 171 (2007) (holding that a judgment that dissolved the parties' marriage addressed the " 'request for relief' requested in the petition for dissolution of marriage. The fact that there remained important ancillary matters for resolution did not preclude the entry of a judgment that dissolved the parties' marriage."). However, there is no indication in the record that the

---

[5] This case is unusual in that husband—the bankruptcy debtor rather than a creditor—asked the court to enter the judgment that violated the stay. That does not affect the judgment's validity. The purposes of the stay include protecting the debtor's creditors and ensuring the effective functioning of the bankruptcy court as well as protecting the debtor, and invalidating actions that violate the stay is necessary for the stay to serve all three purposes. *See In re Johnston*, 321 BR at 273-74.

trial court ever intended to enter a general judgment dissolving the parties' marriage without resolving all ancillary issues in dispute between the parties. The financial provisions of a dissolution judgment are often closely connected and interdependent. Because the property division provisions of the judgment of dissolution were void *ab initio*, that judgment did not resolve all the financial issues before the court. It was not an abuse of discretion for the trial court to make a determination that ultimately will result in the resolution of all those issues in a single judgment. Accordingly, the court did not err in setting aside the entire judgment.[6]

Affirmed.

---

[6] Neither party suggests that the trial court should have treated the portion of the judgment that dissolves the marital relationship separately from the rest of the judgment.