On respondent's motion - dismiss - nonappellant/nonpetitioner filed May 17, appellant's motion - determine jurisdiction and response to motion - dismiss - nonappellant/nonpetitioner filed May 31, respondent's response to appellant's motion - determine jurisdiction filed June 11, and reply in support of appellant's motion - determine jurisdiction filed June 18, 2007; motion to determine jurisdiction granted; determination of appealability of limited, general, and supplemental judgments made; motion to dismiss granted in part and denied in part; appeal from limited judgment dismissed; appeal from general judgment and supplemental judgment to proceed January 9, 2008

## INTERSTATE ROOFING, INC.,
*Plaintiff-Respondent,*

*v.*

## SPRINGVILLE CORPORATION,
fka Springville Associates, Inc.,
*Defendant-Appellant,*

*and*

## M&T REAL ESTATE, INC.,
*Defendant.*

Washington County Circuit Court
C043118CV; A135686

177 P3d 1

James N. Westwood and Stoel Rives LLP, and Jeffrey M. Batchelor and Markowitz, Herbold, Glade & Mehlhaf, P.C., for appellant.

Marjorie A. Speirs, Janet M. Schroer, and Hoffman, Hart &Wagner, LLP, for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

SCHUMAN, P. J.

The parties' dispute raises several issues pertaining to appealability: (1) whether a document that purports to be a judgment is invalid, and therefore nonappealable, if it does not contain the word "adjudged" in the adjudicative part of the document; (2) whether a document that purports to be a limited judgment under ORCP 67 B is invalid, and therefore nonappealable, if it does not contain an express determination that "there is no just reason for delay" in rendering judgment as to the claims disposed of by the judgment; (3) whether, in cases consolidated in the trial court, a general judgment entered in one case is not conclusive, and therefore nonappealable, where neither that judgment nor any other judgment disposes of all claims in the case with which it was consolidated; and (4) whether, under ORS 18.082(5), a general judgment of dismissal has the effect of dismissing claims not identified in the judgment or disposed of by operation of law under ORS 18.082(3).

Plaintiff Interstate Roofing (Interstate) filed this action to foreclose a construction lien that it had filed on a property development owned and operated by Springville Corporation (Springville). Interstate pleaded three claims[1] against Springville: foreclosure of a construction lien, breach of contract, and *quantum meruit*, together with a request for attorney fees.[2] Springville asserted counterclaims for breach of contract and negligence and sought attorney fees in connection with Interstate's construction lien claim and both parties' breach of contract claims.

On May 16, 2007, Springville filed a notice of appeal from three judgments: (1) a limited judgment and money award entered on September 29, 2006; (2) a supplemental judgment and partial award of attorney fees and costs

---

[1] ORS 18.005(8) defines "judgment" to mean "the concluding decision of a court on one or more *requests for relief* in one or more actions, as reflected in a judgment document." (Emphasis added.) ORS 18.005(16) defines "request for relief" to mean, among other things, "a claim."

[2] The trial court register shows that M&T Real Estate (M&T) also was a named defendant. However, on February 17, 2005, the trial court entered a limited judgment of dismissal as to M&T. No appeal was taken from that judgment.

entered on April 16, 2007; and (3) a general judgment of dismissal, entered on April 20, 2007.

The issues we address are raised by Interstate's motion to dismiss Springville's appeal from a limited judgment as untimely filed, Springville's motion for a determination of the appealability of the general judgment from which it also appeals, and Interstate's motion to dismiss the appeal for want of a conclusive general judgment. We grant the motion to dismiss the appeal from the limited judgment as untimely filed. We also grant the motion to determine jurisdiction, determine that the general judgment is conclusive and therefore appealable and, on the same ground, deny the motion to dismiss. Lastly, we determine that the supplemental judgment was not valid when entered, but give the trial court leave under ORS 19.270(4) to reenter the judgment.

## APPEALABILITY OF THE LIMITED JUDGMENT

■      We address first Springville's appeal from the limited judgment. Generally, an appeal must be filed within 30 days of the date of entry of judgment. ORS 19.255(1). Given the almost eight-month gap between entry of the limited judgment and the filing of notice of appeal from that judgment, Springville candidly points out in its notice of appeal that appellate jurisdiction is "not free from doubt." Springville asserts that its appeal nevertheless is timely as to that judgment:

> "While the limited judgment and money award entered on September 29, 2006 makes a money award, it does not dispose of any claim. Consequently, it was not appealable when entered and it did not become appealable by virtue of entry of the general judgment of dismissal on April 20, 2007, which merely dismissed two of plaintiff's three claims. It thus appears that neither the general judgment nor the limited judgment, nor any combination of judgments, disposes of all claims."

(Citations omitted.) In its motion to determine jurisdiction, Springville also asserts that the limited judgment is not appealable because it does not comply with ORCP 67 B in

that the judgment does not contain a finding that "there is no just reason for delay."[3]

Interstate responds that the limited judgment was appealable when entered, the notice of appeal was filed untimely as to it, and therefore the appeal from the limited judgment should be dismissed. Interstate is correct.

The second paragraph of the limited judgment recites that the case was bifurcated for the purpose of trying Interstate's construction lien claim and Springville's counterclaims to the court, leaving to a later date a jury trial for Interstate's remaining claims. The judgment goes on to state that the court heard the testimony of the parties, reviewed the parties' exhibits, and had "recited [its] rulings from the bench, including some findings of fact." The limited judgment further states:

"In addition to all findings related on the record, the Court found, by a preponderance of the evidence, that:

"1.   Plaintiff's Construction Lien was overstated and thus is invalid as a matter of law. As such, Defendant Springville is the Prevailing Party on that claim and is entitled to an Award of Attorney Fees and Costs to be determined by ORCP 68.

"2.   As to Defendant Springville's Claim of Breach of Contract, Defendant is entitled to Judgment against Plaintiff and a Money Award in the amount of $346,872.22. Prevailing Party Status has not yet been determined on this claim.

"3.   The Court finds Defendant's Claims for Negligence, including Negligence *per se*[,] are inapplicable to the subject case. Specifically, the Court finds that, as a matter of law, a remedy in Tort is not available."

Paragraphs 1 and 2 are consistent with statements that the court made on the record following trial, according to an

---

[3] ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more but fewer than all of the claims or parties. A judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

excerpt of transcript accompanying Springville's motion to determine jurisdiction.

The judgment went on to state:

"Notwithstanding the remaining issues and claims in the case, the determination of prevailing party status, and awards of Attorney's Fees and Costs, the court does find it in the interest of clarity and judicial economy to render said Limited Judgment and hereby orders the following money award."

That provision was followed by a separate money award section, in the form prescribed by ORS 18.042, for the $346,872.22 awarded to Springville payable by Interstate, which, in turn, was followed by, "IT IS SO ORDERED," followed, in turn, by the date and the trial judge's signature.

Regarding disposition of the breach of contract claim, although it is true, as Springville contends, that the limited judgment does not include the word "adjudged," Springville does not point to any provision in ORS chapter 18 or elsewhere that requires use of that wording or any variant of it. ORS 18.038 contains a number of requirements regarding the form of a judgment, including that it be titled as either a limited, general, or supplemental judgment and include the names of the parties in whose favor and against whom judgment is entered. ORS 18.038(2), (4)(b). But it does not require that a judgment use any particular word or words to render a judgment disposing of a claim. Similarly, ORS 18.042 contains requirements for the form of the money award section of a judgment but, again, one searches in vain for a requirement to use the word "adjudged." We hold that a judgment that otherwise complies with the form-of-judgment requirements of ORS chapter 18 is not invalid merely because it does not use the word "adjudged" in the adjudicatory part of the judgment document.

■ More difficult is the issue whether the limited judgment disposes of Interstate's construction lien foreclosure claim and Springville's negligence claim. Although the judgment document characterizes the trial court's statements regarding claims as "findings," they are actually conclusions of law. The question, then, is whether those legal conclusions, cast in the form of determinations that the trial court made

elsewhere, together with the "IT IS SO ORDERED" wording at the bottom of the judgment form, indicated the court's intent, in effect, to dispose conclusively of those claims.

Two cases bear on that question. In *Parnicky v. Williams*, 302 Or 150, 151, 727 P2d 121 (1986), the Supreme Court held that, where a judgment recites that the trial court previously had dismissed a particular claim and no disposition of that claim is found in the "adjudicatory" part of the judgment, the judgment did not dispose of the claim. *See also Maduff Mortgage Corp. v. Deloitte Haskins & Sells*, 83 Or App 15, 21, 730 P2d 558 (1986), *rev den*, 303 Or 74 (1987) (judgment not final where only indication of disposition of a claim is found in recital part of judgment to claim having been dismissed).

Here, the limited judgment contains four parts: recitals, legal conclusions, a money award section as to one claim, and an adjudication. The legal conclusions are problematic because the wording starts off in the past tense ("the Court found"), but each of the determinations thereafter is stated in the present tense ("Plaintiff's Construction Lien * * * is invalid," "[a]s to Defendant Springville's Claim of Breach of Contract, Defendant is entitled to judgment," "[t]he Court finds Defendant's Claims for Negligence * * * are inapplicable"). As noted, the transcript reveals that the court already had reached two of those conclusions, and only the determination of the negligence claim appears to be concurrent with issuance of the judgment. Lastly, read in the context of the judgment document, the court's use of "IT IS SO ORDERED" more likely than not refers only to disposition of Springville's breach of contract claim.

We conclude that the so-called "findings" as to Interstate's construction lien foreclosure claim and Springville's negligence claim, like the recitals in *Parnicky* and *Maduff Mortgage Corp.*, are not sufficient to establish that the trial court intended conclusively to dispose of those claims.

Of course, the trial court's legal determinations as to Springville's counterclaim for breach of contract suffers somewhat from the same malady. However, within that determination, the trial court stated that "[Springville] is

entitled to Judgment against Plaintiff and a Money Award" in a specific amount. Moreover, the judgment contains a money award section consistent with that determination. Under ORS 18.042(1), only the inclusion of a money award section in a judgment imposing a monetary obligation results in a judgment lien on the property of the judgment debtor. The presence of the money award section in the judgment document leads us to conclude that the trial court intended conclusively to dispose of Springville's breach of contract counterclaim.

However, Springville also asserts that the limited judgment is not valid because it does not comply with ORCP 67 B in that the judgment does not contain a finding that "there is no just reason for delay." Although there was a time when a judgment entered under ORCP 67 B was required to contain that express determination,[4] that is no longer true. In 2003, as part of a revision of the law relating to judgments generally, the legislature enacted House Bill (HB) 2646,[5] which, among other provisions, contained what is now codified at ORS 18.052(1), the last sentence of which provides:

> "If the judgment is a limited judgment rendered under the provisions of ORCP 67 B, the judge must determine that there is no just reason for delay, but the judgment document need not reflect that determination if the title of the judgment document indicates that the judgment is a limited judgment."

The judgment document bears the title "limited judgment"; therefore, the judgment complies with ORCP 67 B regardless of whether the judgment contains an express determination of "no just reason for delay."[6]

---

[4] *See, e.g., May v. Josephine Memorial Hospital*, 297 Or 525, 530, 686 P2d 1015 (1984); *Industrial Leasing Corp. v. Van Dyke*, 285 Or 375, 591 P2d 352 (1979) (trial court must expressly determine there is "no just reason for delay" and direct entry of judgment).

[5] Or Laws 2003, ch 576.

[6] The Oregon Law Commission's report on HB 2646 provides:

"The most significant provision in this section [ORS 18.052] is the last sentence of subsection (1). As can be seen, this sentence eliminates the requirement of ORCP 67 B that 'magic words' appear in the judgment document to acquire an appealable judgment. Instead, the judge is charged with making the required determination (no just reason for delay) and by the very act of signing a 'limited judgment' attests to having made that determination."

Lastly, the judgment disposed of at least one claim, including awarding damages as to that claim. Accordingly, the limited judgment met all statutory requirements and became enforceable and appealable when entered on September 29, 2006. Springville did not file its notice of appeal from the limited judgment within 30 days of that date. Therefore, the appeal is late as to that judgment and is dismissed on that ground. *See Berg and Berg*, 211 Or App 703, 156 P3d 171 (2007) (judgment dissolving marriage of parties was mislabeled as "limited judgment"; nevertheless, judgment was appealable when entered and failure to appeal timely from it is jurisdictional defect).

### APPEALABILITY OF THE GENERAL JUDGMENT: EFFECT OF CONSOLIDATION FOR TRIAL

■   Springville argues that the finality of the general judgment in this case is in doubt because this case was consolidated with another case, and the general judgment does not dispose of any claim in the other case.

The trial court consolidated this case (*Springville*) with *Interstate Roofing, Inc. v. KVN Construction, Inc.*, Washington County Circuit Court Case No. C05-2402CV (*KVN*).[7] Springville asserts that, until all claims of all parties are reduced to judgment in both cases, none of the judgments is conclusive and appealable in either case, citing *Huene v. United States*, 743 F2d 703, 705 (9th Cir 1984) (judgment disposing of only one of two or more consolidated cases is not appealable in the absence of a valid FRCP 54(b) certification).

Springville has not provided us with a copy of the motion to consolidate or the trial court's order apparently granting that motion. ORCP 53 A provides:

"Upon motion of any party, when more than one action involving a common question of law or fact is pending

---

Judgments Report (HB 2646), Oregon Law Commission, Feb 6, 2003, 13. Even if the act of the trial judge in signing a judgment document entitled "limited judgment" did not have the effect of making the required finding, the trial judge's statement in the judgment that entry of the judgment is "in the interest of clarity and judicial economy" amounts to a determination that "there is no just reason for delay."

[7] After Springville filed counterclaims against Interstate, Interstate filed the *KVN* case seeking indemnity and contribution from a number of defendants in the event Interstate was found liable to Springville in the first action.

before the court, the court may order a joint hearing or trial of any or all of the matters in issue in such actions; the court may order all such actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Under that rule, "when more than one action involving a common question of law or fact" is pending before a court, the court may "order all such actions" consolidated or "may order a joint * * * trial." That wording suggests that "consolidating" cases and ordering a joint trial are different actions. Our review of the court case registers for both the *Springville* and *KVN* cases, of which we take judicial notice, convinces us that, to the extent that the record shows that the trial court "consolidated" the cases, it actually intended merely to hold one or more joint hearings and a joint trial and did not intend to consolidate the cases for all purposes.[8] We hold that consolidating cases for trial does not make multiple cases into one case for the purpose of determining the conclusiveness of judgments entered in the cases. It follows that the general judgment from which Springville appeals in this case does not lack conclusiveness merely because the judgment does not expressly dispose of any claim asserted in the *KVN* case.

---

[8] Entry #29 of the case register for the *Springville* case states in material part: "Motion Consolidate Cases F/TRIAL W/C052402CV." Entry #40 in the same register states: "Motion Consolidate Cases * * * F/TRIAL W/C052402CV Granted." We understand "F/TRIAL" to mean "for trial." Entries #2 and #3 of the case register for the *KVN* case show the filing of a motion to consolidate on the same date that the motion in the *Springville* case was filed, which was also the same date that the motion to consolidate was filed in that case. Both case registers indicate that the motion was heard on July 25, 2005. Entry #2 in the *KVN* case suggests that the motion was signed by the trial judge on July 25, 2005. Of course, the trial judge would not have signed the motion; more likely, the register entry was intended to indicate that, on that date, the trial judge signed an order ruling on the motion. Although the register for the *KVN* case does not contain an entry describing an order granting the motion, that "signed" date corresponds to the date the order granting the motion to consolidate for trial was signed and filed in the *Springville* case. Moreover, although the limited judgment and the supplemental judgment bear the case numbers of both cases, none of the judgments bears the case captions of both cases. The captions of the limited and supplemental judgments in this case identify Prima Donna Development (Prima Donna), one of the defendants in the *KVN* case, as a defendant, and the findings of fact in the supplemental judgment refer to Prima Donna. However, nothing in the record of the *Springville* case shows that either Interstate or Springville asserted a claim against Prima Donna or that Prima Donna otherwise ever became a party to the *Springville* case.

## APPEALABILITY OF THE GENERAL JUDGMENT: EFFECT OF ORS 18.082(5)

■     The general judgment entered on April 20, 2007, from which Springville appeals, provides:

> "Based on this court's order on file herein granting plaintiff's motion for voluntary dismissal,

> "IT IS HEREBY ADJUDGED that plaintiff's remaining claims for breach of contract and quantum meruit are dismissed."

Between the limited judgment entered in 2006 and the general judgment entered in 2007, the trial court expressly disposed of Interstate's claims for breach of contract and *quantum meruit* and Springville's counterclaim for breach of contract. The supplemental judgment disposes of Springville's request for attorney fees.[9] We have determined that the limited judgment, despite making legal determinations regarding the validity of Interstate's lien foreclosure claim and Springville's negligence claim, did not dispose of those claims.

Since adoption of the judgments/enforcement of judgments bill (HB 2646, Oregon Laws 2003, chapter 576), a "general judgment," so titled, is conclusive, and therefore enforceable and appealable, notwithstanding that the judgment may not explicitly dispose of all requests for relief in the action. That is so because, under section 11 of HB 2646 (codified at ORS 18.082), subject to a possible exception found in the same section, one of the characteristics of a properly titled general judgment is that the judgment dismisses with prejudice any request for relief not explicitly disposed of by the judgment, by a prior limited judgment, or by a previous written decision of the trial court.[10] At issue here is the effect

---

[9] Although Springville pleaded its request for attorney fees as a separate claim, a request for attorney fees for services rendered in connection with asserting a claim or defense in the same action is not a "claim" within the meaning of ORCP 18. A judgment that otherwise disposes of other claims in an action does not lack conclusiveness merely because the judgment does not dispose of a request for attorney fees pleaded as a claim. *Propp v. Long*, 313 Or 218, 224-25, 831 P2d 685 (1992) (counterclaim for attorney fees not a "claim" within meaning of ORCP 67).

[10] ORS 18.082 provides, in part:

> "(2) A general judgment incorporates a previous written decision of the court that decides one or more requests for relief in the case and that:

of the exception found in ORS 18.082(5) relating to a general judgment of dismissal.

Under the law before the effective date of HB 2646, in a case presenting multiple claims, a trial court could enter multiple judgments at various times disposing of various claims, but those judgments did not become final, enforceable, and appealable until entry of a judgment disposing of the last remaining claim or claims.[11] The effect of that principle was that judgment creditors and debtors, title companies, and others with an interest in real property owned by a judgment debtor could seldom be sure when a judgment, on its face enforceable and appealable, in the eyes of the law might not be either enforceable or appealable because it did not dispose of all claims in an action.

The Oregon Law Commission's Judgments/Enforcement of Judgments Work Group that proposed HB 2646 addressed that difficulty in what has been codified as ORS 18.082(2) and (3). The net effect of those two subsections is that, by virtue of entering a judgment document bearing the title "general judgment," the trial court effectively disposes of all claims in the action regardless of whether the general judgment expressly disposes of all claims in the action.

However, ORS 18.082 contains another subsection that, in this case, casts doubt on whether the general judgment conclusively disposes of claims not otherwise resolved in the action. ORS 18.082(5) provides:

> "(a) Is not a judgment;
>
> "(b) Is consistent with the terms of the general judgment and any limited judgments in the case; and
>
> "(c) Reflects an express determination by the court that the decision be conclusive as to the requests for relief that are resolved.
>
> "(3) Upon entry of a general judgment, any request for relief in the action that is not decided by the general judgment or by a previous limited judgment, that has not been incorporated into the general judgment under subsection (2) of this section, or that cannot be decided by a supplemental judgment, is dismissed with prejudice unless the judgment provides that the dismissal is without prejudice."

[11] *See, e.g., State ex rel Orbanco Real Estate Serv. v. Allen,* 301 Or 104, 116, 720 P2d 365 (1986); *State ex rel Zidell v. Jones,* 301 Or 79, 96, 720 P2d 350 (1986) (explaining principle).

"Subsection (3) of this section does not apply to a general judgment of dismissal. Except as otherwise provided by law, by the Oregon Rules of Civil Procedure or by the terms of the judgment, a general judgment of dismissal is without prejudice as to any request for relief in the action."

In isolation, the first sentence of subsection (5) could be read to except the whole of subsection (3) from a judgment of dismissal, which would mean that a general judgment *of dismissal*, unlike all other general judgments, would not dismiss claims not otherwise explicitly disposed of by the action. However, the second sentence of subsection (5) clarifies that the first sentence renders inapplicable only the provision of subsection (3) that provides that otherwise unresolved claims are dismissed *with prejudice*.

We observe that subsection (3) does two things: it dismisses otherwise unresolved claims, and it dismisses them with prejudice. We read subsection (5) to nullify only the second of those two effects. To read subsection (5) otherwise would defeat one of the primary purposes of adopting ORS 18.082(2) and (3). The Oregon Law Commission's Judgments/Enforcement of Judgments Work Group explained:

"Subsection (1) makes general statements about the effect of entry of a judgment. The most important of these statements is that upon entry, a judgment can be appealed and enforced. This provision is consistent with one of the Work Group's fundamental decisions: There should never be 'judgments' that are entered in the register but that are not appealable and enforceable."

Judgments/Enforcement of Judgments: Judgments Report (HB 2646), Oregon Law Commission, Feb 6, 2003, 14.

If the first sentence were read in isolation to mean that a general judgment of dismissal did not dismiss claims not otherwise resolved, the effect would be to have a general judgment entered in the register that was not appealable and enforceable. That result would be directly contradictory to one of the stated primary purposes of HB 2646.

We conclude that ORS 18.082(5) operates to except a general judgment of dismissal from only the part of ORS

18.082(3) that would dismiss with prejudice claims not otherwise resolved. Under ORS 18.082(3) and (5), then, the general judgment of dismissal had the effect of dismissing, albeit without prejudice, Interstate's construction lien foreclosure claim and Springville's negligence claim. Therefore, between the limited judgment entered in 2006 and the general judgment entered in 2007, all claims in the case were resolved. Springville timely appealed from the general judgment; therefore, Interstate's motion to dismiss Springville's appeal from that judgment is denied.

## APPEALABILITY OF THE
## SUPPLEMENTAL JUDGMENT

■ Interstate's argument that the supplemental judgment is not appealable is predicated on its contention that the general judgment is not appealable. Interstate correctly notes that, by definition, a supplemental judgment is one that "may be rendered after a general judgment pursuant to a legal authority." ORS 18.005(17). Here, the supplemental judgment awards attorney fees to Springville based on resolution of Springville's breach of contract claim, which was resolved by the limited judgment entered in 2006. The supplemental judgment was entered on April 16, 2007, four days before entry of the general judgment on April 20, 2007.

The provision in ORS 18.005(17) providing that supplemental judgments occur after entry of a general judgment places the prevailing party in a limited judgment in an awkward position. Where, as here, a limited judgment disposing of a claim is entered before other claims are tried, and months before entry of a judgment disposing of the remaining claims, should the party who prevailed on the claim adjudicated in the limited judgment be required to wait until resolution of the remaining claims and entry of the judgment resolving the remaining claims before securing judgment for costs and attorney fees to which the party otherwise is entitled? Apparently so, if we read ORS 18.005(17) literally.[12]

---

[12] From an enforcement perspective, entering a supplemental judgment for attorney fees possibly long after entry of a general judgment disposing of remaining claims forces the judgment creditor to bifurcate enforcement of the two obligations and may cause the judgment creditor to incur duplicative enforcement costs. We note that, under ORCP 68 C(5)(a), if all issues regarding attorney fees are decided before entry of a judgment pursuant to Rule 67, "the court shall include

■ Here, we need not resolve the wisdom of defining supplemental judgment in such a manner as to render it valid only if it is entered after entry of a general judgment; rather, we need resolve only whether such a supplemental judgment is valid and therefore appealable. We determine that, under ORS 18.005(17), a supplemental judgment arising from a limited judgment but entered before entry of the general judgment is not valid.[13]

However, it is apparent that the trial court intended to enter an appealable judgment when it entered the supplemental judgment; therefore, we decline to dismiss Springville's appeal from that judgment and, by separate order, we give the trial court leave under ORS 19.270(4) to vacate and reenter the supplemental judgment from which Springville then may file a supplemental notice of appeal.

Motion to determine jurisdiction granted; determination of appealability of limited, general, and supplemental judgments made. Motion to dismiss granted in part and denied in part. Appeal from limited judgment dismissed; appeal from general judgment and supplemental judgment to proceed.

---

any award or denial of attorney fees * * * in that judgment." That did not happen in this case.

[13] A judgment granting or denying attorney fees is not independently appealable unless the underlying judgment on the merits, on which alleged attorney fee entitlement depends, is itself final and appealable. ORS 20.220(1); ORCP 67 A and 68 C(4), (5); *King v. Clements,* 143 Or App 462, 470, 923 P2d 688 (1996). Here, the limited judgment is conclusive and appealable as to the claim on which the award of costs and attorney fees in the supplemental judgment is predicated. However, under ORS 18.005(17), when the supplemental judgment on which the award of attorney fees and costs is predicated is a limited judgment, it is not enough that the limited judgment is conclusive as to the claim or claims adjudicated therein and appealable; the supplemental judgment also must be entered after entry of the general judgment.