Submitted November 1, 2019, reversed December 2, 2020

Natalia NEAL,
*Plaintiff-Respondent,*

*v.*

BEHIND THE GATES, INC., et al.,
*Defendants,*
*and*

Sharon Elizabeth NEAL,
*Defendant-Appellant.*

Clackamas County Circuit Court
18LT15587; A169747

477 P3d 1213

Defendant Sharon Neal appeals a default judgment of eviction awarding plaintiff restitution of the premises. She contends that the trial court erred in holding a hearing and entering the judgment against her after the filing of an involuntary bankruptcy proceeding in which she was the named debtor. Under that circumstance, she contends that the Bankruptcy Code required the proceeding to be stayed. *Held*: The automatic stay under the Bankruptcy Code required that the proceeding seeking defendant's eviction be stayed, and the trial court erred in holding a hearing and entering judgment on plaintiff's complaint.

Reversed.

Susie L. Norby, Judge.

Sharon Neal filed the brief for appellant *pro se.*

No appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed.

**ARMSTRONG, P. J.**

In this action for forcible entry and detainer (FED), defendant Sharon Neal appeals a default judgment of eviction awarding plaintiff restitution of the premises.[1] She contends that the trial court erred in holding a hearing and entering the judgment against her, because an involuntary bankruptcy proceeding in which she was the named debtor was pending that required the FED proceeding to be stayed. We agree with defendant that the trial court erred in holding a hearing and entering judgment on plaintiff's complaint despite the automatic bankruptcy stay, and we therefore reverse.

A detailed description of the underlying facts and the long and contentious litigation between these parties would not assist the bench or bar. We describe the facts necessary to our analysis. Plaintiff and defendant, who was plaintiff's former mother-in-law, resided on separate floors of the same house, and they were in conflict. Plaintiff held title to the property. Plaintiff and defendant had been required by court order to share the electric utility bill. The account with Portland General Electric (PGE), the utility company serving the residence, was in plaintiff's name, and the parties became delinquent in their payments. PGE turned off the power.

In order to restore power to the premises, defendant used her maiden name to form a corporation, Behind the Gates, Inc., and then opened a new utility account in the corporation's name.

Apparently, the property went into foreclosure, at least in part because of the corporation's utility account. Plaintiff filed her FED complaint to evict the corporation and defendant. On the day before the scheduled trial, defendant was named as the debtor in a petition for involuntary bankruptcy.

The trial proceeded the next day. The court had notice of the bankruptcy petition. Under the United States

---

[1] Plaintiff brought this action against defendants Sharon Neal and Behind the Gates, Inc., an entity incorporated by Sharon Neal. Only Sharon Neal is an appellant, and references in this opinion to "defendant" are to Sharon Neal.

Bankruptcy Code, 11 USC § 362, a bankruptcy petition operates as a stay of "the commencement or continuation *** of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 USC § 362(a)(1). However, because one of the defendants was a corporation, the court was persuaded that the automatic stay was subject to an exception for eviction proceedings relating to nonresidential tenancies. *See* 11 USC § 362(b)(10).[2]

Defendant had not answered the complaint, and the court found her to be in default.[3] The parties put on their evidence,[4] and the trial court found that the elements for an eviction had been established. The court entered a default judgment of eviction and restitution against defendant and a judgment of eviction and restitution against Behind the Gates, Inc. The court included in the judgment a finding that "Behind the Gates, Inc., is a sham corporation created to defraud PGE, and used only for that purpose." Defendant has appealed, asserting that the judgment was issued in violation of the bankruptcy stay.[5]

It is undisputed that the time has expired for execution of the judgment of restitution. ORS 105.159(3) provides:

---

[2] 11 USC § 362(b)(10) states an exception to the bankruptcy stay for

"any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property."

[3] Sharon Neal had filed an answer on behalf of the corporation but not on her own behalf.

[4] Although she was in default because she had not filed an answer, defendant was in the courtroom and testified.

[5] Under ORS 19.245(2),

"A party to a judgment given by confession or for want of an answer may not appeal from the judgment except as follows:

"*****

"(b) A defendant may appeal from the judgment if the trial court has entered a default judgment against the defendant as a sanction or has denied a motion to set aside a default order or judgment.

"(c) A defendant may appeal from the judgment if it is void."

A judgment taken in violation of an automatic bankruptcy stay is void. *Cam and Cam*, 216 Or App 358, 363, 174 P3d 1018 (2007).

> "Unless the judgment otherwise provides, the clerk may not issue a notice of restitution or a writ of execution of judgment of restitution more than 60 days after the judgment is entered or after any date for possession as specified in the judgment, whichever is later."

The judgment is no longer enforceable through a notice of restitution or writ of execution. But the judgment's finding—that defendant created Beyond the Gates, Inc., for the purpose of defrauding PGE—constitutes a judicial determination that defendant committed an act of fraud against the power company. Even though the judgment is no longer enforceable through a notice of restitution, the court's finding could give rise to an adverse consequence for defendant, and we conclude for that reason that the appeal is not moot. *See State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012) ("A collateral consequence for the purposes of mootness is a probable adverse consequence to the defendant as a result of the challenged action."). We therefore address the merits of defendant's appeal.

We agree with defendant that the trial court erred in determining that there was an exception to the bankruptcy stay. It is undisputed that the subject premises were defendant's residence; the house was not a "nonresidential real property," as required by 11 USC § 362(b)(10). Thus, the trial court was required to stay the FED proceedings pending release of the stay by the bankruptcy trustee. *See Cam and Cam*, 216 Or App 358, 362, 174 P3d 1018 (2007) ("The automatic stay is 'the lynchpin of the Bankruptcy Code,' *In re Nelson*, 335 BR 740, 748 (Bankr D Kan 2004), and a state court should be particularly careful to honor it."). Because the FED proceeding was required to be stayed, the trial court erred in holding a hearing and entering the judgment of eviction.

Reversed.