Submitted on briefs October 11, affirmed November 2, 1956

# BENNETT *v.* BENNETT
302 P. 2d 1019

Maynard Wilson, Cottage Grove, for appellant.
Bruce Williams, Salem, for respondent.

TOOZE, J.

The plaintiff, Clyde N. Bennett, who was awarded
a decree of divorce from his wife, Bernice Bennett,
the defendant herein, after marriage of about one
year, appeals from that portion of the decree of the
trial court which awarded $2,000 in cash to the de-
fendant as "lump sum alimony." Plaintiff asserts
that the trial court had no jurisdiction to require him,
as the party not at fault, to pay alimony and relies
upon ORS 107.100 (1), (c), to sustain his position.

ORS 107.100 provides in part as follows:

"(1) Whenever a marriage is declared void or
dissolved, the court has power to further decree
as follows:

"* * * * * *

"(c) For the recovery *from the party at
fault* such amount of money, in gross or in in-
stalments, or both, as may be just and proper

for such party to contribute to the maintenance of the other; * * *.'' (Italics ours.)

It is upon this provision of the statute that the plaintiff places his reliance upon this appeal, inviting our attention to the fact that he was not the party at fault and contending that the trial court had no authority to award defendant alimony.

In our consideration of the matter now before us it is necessary that we take notice of another subdivision of ORS 107.100; namely, subd. (4). ORS 107.100 (4) provides:

"Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, in addition to any further relief decreed as provided for in subsections (1), (2) or (3) of this section."

■ Subdivision (c) of § (1) of ORS 107.100, supra, is in substantially the same language as contained in § 497 of the Act of 1862, and that has been the law of this state continuously since its original enactment. Although the original Act has been amended from time to time, it has not been changed in any respects material to our discussion on this appeal. Subsection (4) of ORS 107.100, supra, in its present form was first enacted by the legislative assembly in 1953, as an amendment to § 9-912, OCLA: ch 635, Oregon Laws 1953. It will be observed that under this latter statute the court in a divorce suit is fully authorized to make such disposition of the property, both real and personal, of the parties as may be just and proper, all

the circumstances considered, and without regard to the question of which party was at fault.

■ Technically, the term "alimony" has a well-understood meaning. It is an allowance for support and maintenance. Under most statutes and through long usage and custom, alimony proper is an allowance for the care, support, and maintenance of the wife. However, under our statute an award may be made against the wife in favor of the husband for support and maintenance. In *Henderson v. Henderson*, 37 Or 141, 60 P 597, 61 P 136, 48 LRA 766, we discussed the provisions of subd. (c) of § (1) of ORS 107.100. Mr. Chief Justice Wolverton, in speaking for the court, said:

"The maintenance provided for by statute is an enlargement upon the signification of the term 'alimony' as used in the parlance of the common law. Alimony is an allowance which, by order of the court, the husband is compelled to pay the wife from the date he has been legally separated or divorced, for her support and maintenance. This is to be distinguished, in a general sense, from an allowance *pendente lite,* and proceeded from the recognition of the husband's common-law liability to support the wife: 2 Am. & Eng. Enc. Law (2 ed.), 92. But the statute contemplates an allowance out of the wife's estate in favor of the husband also, thereby extending the power to make an allowance in divorce proceedings; and the authority to modify the decree subsequent to the time of its rendition in respect to maintenance exists as well in the one case as the other,—that is to say, whether the allowance is made from the husband's estate for the maintenance of the wife, or *vice versa.* Although the right to have an allowance awarded for maintenance has been extended by the statute to the husband, the same reasons do not exist in support thereof which formerly induced the allowance of

alimony proper. His right thereto is merely statuory, and, while her right is now sustained by the same authority, the statute is, as to her, declarative of that which formerly existed through usage and custom in so much that it had become the unwritten law.''

■ Under subd. (c) of § 1 of ORS 107.100, supra, it is clear that an allowance for support and maintenance may be awarded by the court only to a party not at fault. If in truth the award of $2,000 to the defendant in this suit was actually an award for support or maintenance or alimony in the true sense of the term ''alimony,'' then it would follow that the court was without jurisdiction to make such an award. An examination of the record in this case, however, discloses beyond all peradventure of doubt that the trial court did not make the award of $2,000 for the support and maintenance of the defendant. On the contrary, the record clearly discloses that the sum of $2,000 was awarded to the defendant as a material part of the division of property rights between the plaintiff and defendant, pursuant to the provisions of § (4) of ORS 107.100, supra.

■ We are of the opinion that the use of the term ''lump sum alimony'' renders that part of the decree entered in this case ambiguous. What the trial court meant by the use of the term is not clear. Subdivision (c) of § (1) of ORS 107.100 does not use the term ''alimony'' in any of its provisions. It speaks of the maintenance by one party of the other. It is beside the point that we have in a number of prior decisions properly spoken of an allowance made under this statute for the support and maintenance of the wife as ''alimony,'' for in those cases the decrees clearly dis-

closed that the allowances made were strictly for support and maintenance, and not as a part of a property division. Until the enactment of ch 635, Oregon Laws 1953, the divorce court was without power to make an award of property, except to the party not at fault. Of course, the law provided that if the losing party was insane, an allowance for maintenance could be made in favor of such party against the prevailing party. Subd. (c) of § (1) of ORS 107.100. But this was the sole exception.

■■ It is presumed that the trial court understood the law and intended to render a valid decree, and it is a valid decree unless the word "alimony" as used is to be taken and applied in its strictest sense. In 49 CJS 867, Judgments § 436b, the following rule is stated:

"If, however, the judgment is ambiguous or obscure, or a satisfactory interpretation cannot be determined from the judgment itself, the entire judgment roll or record may be looked to, examined, and considered for the purpose of interpreting the judgment and determining its operation and effect."

■ It is also a rule of law that in interpreting an ambiguous provision of a judgment, the judgment as a whole must be considered. In this case the decree of the trial court, after awarding a decree of divorce in favor of the plaintiff, provided:

"2. That Plaintiff is awarded the funds in his bank account and the 1950 Buick automobile.

"3. That Plaintiff is awarded the real property in Yamhill County, subject to the mortgage thereon.

"4. That Defendant is awarded the interest of the parties in the farm located near Turner, Oregon.

"5. That Defendant is awarded the furniture

and fixtures located on the farm near Turner, Oregon, subject to the encumbrances thereon.

"6. That Defendant is awarded the sum of $2,000 as lump sum alimony."

It is obvious from the foregoing that the award of $2,000 to the defendant was but a continuation of the division of property rights between the parties, and was so intended, and that this is true is further borne out by the record on the trial as above stated.

The record discloses that the real property in Yamhill county awarded to the plaintiff was worth approximately $7,500, with a mortgage indebtedness of $3,000. There was evidence in the record that plaintiff's son-in-law was indebted to him in the amount of $4,000 for and on account of the sale of plumbing equipment and other personal property by the plaintiff to his son-in-law. Plaintiff was also awarded the funds in his bank account and the family automobile. The real property awarded to the defendant and located about four miles from Turner, in Marion county, Oregon, had been purchased by the parties for $5,900, with a down payment of $500. A mortgage was given to secure the payment of the balance of the purchase price. It was upon this property that the parties made their home. At the time of trial there was unpaid upon the mortgage indebtedness against this property the total sum of $5,400, $1,000 of which was immediately due. Also, defendant was wholly without means of transportation. Defendant had no funds of her own with which to meet the mortgage payment, nor purchase necessary means of transportation. As a witness, she asked for sufficient money to meet this situation, and in consideration thereof, agreed to waive her interest in defendant's Yamhill county property. It is clear to us that the trial court in making the

award of $2,000 to the defendant had in mind her immediate need of financial assistance in saving her home.

Upon the point at issue this case is controlled by our decision in *Nelson v. Nelson,* 181 Or 494, 500, 182 P2d 4116. There we considered the record as a whole in determining what the trial court meant by its use of the phrase "lump sum alimony" in its decree. In that case the court, speaking through Mr. Justice BAILEY, said in part:

> "The paragraph in the decree which was stricken out by the circuit court specified that 'plaintiff shall have and recover of and from the defendant, as lump sum alimony, * * *.' What the circuit court meant by the use of the phrase 'as lump sum alimony' is not clear. It was pointed out in State ex rel. v. Casey, 175 Or. 328, 335, 153 P. (2d) 700, that the word 'alimony' in a strict legal sense means 'an allowance which the husband is required to pay to the wife for her maintenance pending or following her divorce or legal separation from him', but that in a broader sense it covers an award made for the support of minor children. See also Cogswell v. Cogswell, 178 Or. 417, 167 P. (2d) 324. *Alimony, however, is used in some instances to designate the amount allowed the divorced wife in settlement of property rights and when so used is not affected by her remarriage.* * * *
>
> "In our opinion the judgment awarded plaintiff against defendant in the divorce decree was not for alimony, in the sense that the word is generally used, but was based upon and limited to the property settlement voluntarily entered into by the parties to this litigation. It was therefore not affected by plaintiff's remarriage." (Italics ours.)

Under all the facts and circumstances of this case, it is manifest that the word "alimony" as used in the decree should not be taken and applied in its strictest

sense. From the record we are convinced that the award of $2,000 to defendant was a just and proper award in making disposition between the plaintiff and the defendant of the real and personal property owned by them, and was so intended by the trial court in its decree.

The decree is affirmed. Defendant to recover costs and an additional sum of $200 as a reasonable attorney's fee on this appeal.