On respondent's motion to reconsider motion - dismiss nonappellant/nonpetitioner filed January 23, motion to reconsider granted; opinion (217 Or App 412, 177 P3d 1 (2008)) modified and adhered to as modified; motion to dismiss appeal granted June 25, 2008

INTERSTATE ROOFING, INC.,
*Plaintiff-Respondent,*

*v.*

SPRINGVILLE CORPORATION,
fka Springville Associates, Inc.,
*Defendant-Appellant,*

*and*

M&T REAL ESTATE, INC.,
*Defendant.*

Washington County Circuit Court
C043118CV; A135686

188 P3d 359

Marjorie A. Speirs, Janet M. Schroer, and Hoffman, Hart & Wagner, LLP for motion.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Respondent Interstate Roofing, Inc., has moved for reconsideration of our decision of January 9, 2008. *Interstate Roofing, Inc. v. Springville Corp.*, 217 Or App 412, 177 P3d 1 (2008). Interstate points out certain factual errors in the opinion and contests our ruling that the limited judgment entered by the trial court did not dispose of all three claims mentioned in the judgment. We agree that our decision contains factual errors. One of those leads us to modify the disposition of Interstate's motion to dismiss (we should have granted the motion in its entirety rather than granting it in part and denying it in part), but, otherwise, none of the misstatements affects our analysis of the issues or disposition of the motions addressed in the opinion. Further, although Interstate has not persuaded us that we reached the wrong conclusion as to the effect of the limited judgment, our own research suggests that we erred in concluding that the trial court did not intend to dispose of Interstate's lien foreclosure claim. Therefore, we grant reconsideration and modify our prior decision.

We briefly recapitulate the procedural posture of the case.

"Plaintiff Interstate * * * filed this action to foreclose a construction lien that it had filed on a property development owned and operated by Springville * * *. Interstate pleaded three claims against Springville: foreclosure of a construction lien, breach of contract, and *quantum meruit*, together with a request for attorney fees. Springville asserted counterclaims for breach of contract and negligence and sought attorney fees in connection with Interstate's construction lien claim and both parties' breach of contract claims."

*Id.* at 415 (footnotes omitted). The trial court entered three judgments. On September 29, 2006, it entered a limited judgment and money award.

"The second paragraph of the limited judgment recites that the case was bifurcated for the purpose of trying Interstate's construction lien claim and Springville's counterclaims to the court, leaving to a later date a jury trial for Interstate's remaining claims. The judgment goes on to

state that the court heard the testimony of the parties, reviewed the parties' exhibits, and had 'recited [its] rulings from the bench, including some findings of fact.' The limited judgment further states:

> " 'In addition to all findings related on the record, the Court found, by a preponderance of the evidence, that:

> " '1.  Plaintiff's Construction Lien was overstated and thus is invalid as a matter of law. As such, Defendant Springville is the Prevailing Party on that claim and is entitled to an Award of Attorney Fees and Costs to be determined by ORCP 68.

> " '2.  As to Defendant Springville's Claim of Breach of Contract, Defendant is entitled to Judgment against Plaintiff and a Money Award in the amount of $346,872.22. Prevailing Party Status has not yet been determined on this claim.

> " '3.  The Court finds Defendant's Claims for Negligence, including Negligence *per se*[,] are inapplicable to the subject case. Specifically, the Court finds that, as a matter of law, a remedy in Tort is not available.' "

*Id.* at 417.

The court subsequently granted plaintiff's motion for voluntary dismissal of its breach of contract and *quantum meruit* claims. On April 16, 2007, the court entered a supplemental judgment awarding attorney fees and costs. On April 20, 2007, the court entered a general judgment of dismissal without prejudice.

On May 16, 2007, Springville filed a notice of appeal from all three judgments, acknowledging that, because eight months had elapsed between entry of the limited judgment and the notice of appeal, jurisdiction was "not free from doubt," but that the doubt should be resolved in favor of Springville. According to Springville, its appeal was timely because none of the judgments that would have started the time clock for filing a notice of appeal was valid.[1] Springville

---

[1] With respect to the supplemental judgment, Springville argued that, because the general judgment was not appealable, neither was the supplemental judgment. In our original decision, we mistakenly attributed that argument to Interstate.

urged us to hold its appeal in abeyance and permit the trial court to enter appealable judgments, as permitted by ORS 19.270(4). Interstate, taking the hint, filed a motion to dismiss the appeal for lack of jurisdiction arguing that the appeal from the limited judgment was not timely.

In our opinion, we rejected Springville's contention that the general judgment was not conclusive and appealable. 217 Or App at 421-26. We agreed that the supplemental judgment was not appealable when entered, because a supplemental judgment cannot be entered before a general judgment, but we gave the trial court leave to reenter that judgment. *Id.* at 426-27. Lastly, we agreed with Springville that the limited judgment was not appealable as to two of the three claims mentioned in the judgment—Springville's negligence counterclaim and Interstate's lien foreclosure claim— but we disagreed with Springville that the limited judgment was not appealable as to Springville's breach of contract counterclaim. *Id.* at 416-21.[2]

■ Interstate contends on reconsideration that we erred in determining that the limited judgment was not also conclusive as to Springville's negligence counterclaim and Interstate's construction lien foreclosure claim. More specifically, Interstate contends that, in effect, although we gave lip service to the principle that no particular words are required to render a judgment, in fact, we are requiring use of particular words. We disagree. The limited judgment stated that Interstate's construction lien foreclosure claim was "invalid as a matter of law" and that Springville's negligence claim was "inapplicable to the subject case" and that "as a matter of law, a remedy in Tort is not available." Those are legal determinations, not dispositions of claims. A legal determination that a claim is "invalid" or "inapplicable" is not the same as

---

[2] The significance of whether the limited judgment disposed of all of the claims mentioned therein is this: Clearly, Springville's notice of appeal was untimely as to that judgment; therefore, Springville would be barred on appeal from assigning error to any ruling relating to any claim conclusively decided by the judgment. If the limited judgment did not dispose of one or more claims mentioned in the judgment, the claim or claims were not conclusively decided until the trial court entered the general judgment. Because Springville timely appealed from the general judgment, it then could assign error to the trial court's disposition of any claim not conclusively disposed of in the limited judgment.

dismissing the claim or rendering judgment in favor of the party against whom the claim was asserted.

A judgment is a powerful thing. ORS 18.082 describes the effect of a judgment:

"(1) Upon entry of a judgment, the judgment:

"(a) Becomes the exclusive statement of the court's decision in the case and governs the rights and obligations of the parties that are subject to the judgment;

"(b) May be enforced in the manner provided by law;

"(c) May be appealed in the manner provided by law;

"(d) Acts as official notice of the court's decision; and

"(e) May be set aside or modified only by the court rendering the judgment or by another court or tribunal with the same or greater authority than the court rendering the judgment."

Thus, a judgment not only becomes the exclusive statement of the court's decision as between the parties, but it also acts as "official notice" of the court's decision to the rest of the world, including those who otherwise are strangers to the case but who have dealings with the parties or with the subject matter of the action. Persons who are not acquainted with the details of an action should not have to puzzle over ambiguous language in a judgment and guess at what the trial court intended. In this case, although the judgment contains some indicia that the trial court intended to dispose conclusively of Interstate's construction lien foreclosure claim and Springville's negligence claim, the judgment does not unambiguously dispose of those claims. Given the critical role of a judgment in conclusively determining the rights and liabilities of parties to controversies, were we writing on a clean slate, we might conclude that, because a reasonable person would not have understood the limited judgment in this case to have unambiguously resolved the claims in question, the judgment was not appealable as to those claims at that time.

However, we are not writing on a clean slate. In *Bennett v. Bennett*, 208 Or 524, 529, 302 P2d 1019 (1956), the court held:

> "If, however, the judgment is ambiguous or obscure, or a satisfactory interpretation cannot be determined from the judgment itself, the entire judgment roll or record may be looked to, examined, and considered for the purpose of interpreting the judgment and determining its operation and effect."

(Internal quotation marks omitted.)[3]

*Bennett* and *Neal and Neal*, 181 Or App 361, 366, 45 P3d 1011 (2002), indicate that the court "may" look to other parts of the record or extrinsic evidence to determine the trial court's intent in rendering a judgment. In *Gourley v. Towery,* 82 Or App 32, 35, 727 P2d 144 (1986), we suggested that we might have an "obligation" to consider the trial court record to resolve an ambiguity, but that statement is *dictum* because the court determined that the judgment at issue in that case was not ambiguous. For the purpose of enforcing a judgment as between the parties to a case, it makes sense to consider the trial court record to determine the trial court's intent. Procedurally, examining all or a substantial part of the trial court record to determine whether a judgment is appealable at all is awkward, because, typically, we do not have the trial court record before us when an appeal is filed; indeed, typically, when appealability decisions are made at the outset of an appeal, the transcript has not yet been prepared. Nevertheless, particularly given that ORS 18.082(1)(b) and (c) provide that, upon entry of a judgment, a judgment is enforceable and appealable, we perceive no principled basis on which to apply different standards for determining enforceability and appealability.

Having concluded that we may consider the trial court record to determine whether a judgment is conclusive and appealable, the next question we address is how much of the record we should consider. When the judgment in question is a limited judgment, we rely most heavily on the record made before or at the time of entry of the limited judgment. That is so in part because, if an appeal were taken from such

---

[3] *Accord Schnitzer Investment Corp. v. Certain Underwriters*, 341 Or 128, 133, 137 P3d 1282 (2006) (citing *Bennett* for proposition that court may review agency record to determine meaning of an ambiguous agency decision); *Neal and Neal*, 181 Or App 361, 366, 45 P3d 1011 (2002) (if judgment of dissolution of marriage is ambiguous, court may look to extrinsic evidence to determine trial court's intent).

a limited judgment at the time of its entry, we would be limited to the trial court record in existence at that time. Although we may consider those parts of the trial court record memorializing proceedings that occurred after entry of a limited judgment, we accord less weight to those parts; otherwise, we leave the door open to the parties to salt the record with indications of the trial court's "intent" that may or may not actually reflect the trial court's intent.[4] By contrast, it is appropriate to give greater weight to a post-judgment decision regarding costs or attorney fees where the award of either depends on the trial court having conclusively determined the claim or claims to which the matter of costs or attorney fees relates.

■■■ We mention one other limitation of sorts on the record that we will consider; that is, at the outset of an appeal, generally we will confine ourselves to as much of the record as the parties have chosen to provide in support of their respective positions. We are comfortable doing so because the lack of a conclusive judgment from which an appeal may be taken is a matter of jurisdiction that can be raised at any time. *See State ex rel Juv. Dept. v. Black*, 101 Or App 626, 628 n 1, 792 P2d 1225 (1990) (pre-oral argument determination of appellate jurisdiction may be reconsidered after oral argument). Thus, if we determine that a judgment conclusively disposes of one or more claims and the appeal proceeds as to those claims, the court may revisit the matter of appealability, especially after full briefing of a case and at the point that the court has access to the complete trial court record.

Applying those principles to this case, in addition to the limited judgment itself, we have again reviewed the following parts of the trial court record that accompanied the parties' filings in this case: the supplemental judgment awarding attorney fees and costs entered April 16, 2007; the

---

[4] For instance, Interstate paid the amount of the limited judgment and Springville filed a satisfaction of judgment that contained this sentence: "The court will determine at a later date all remaining open issues described in the limited judgment." That statement is consistent with Springville's position on appeal but does not necessarily reflect the trial court's intent. We do not suggest that Springville inserted that sentence to create ambiguity that did not otherwise exist or in an attempt to resolve an ambiguity in the limited judgment. However, it is an example of the kind of self-serving statements that should be given little weight.

general judgment of dismissal entered April 20, 2007; and four excerpts from transcripts from various hearings that took place between July 18, 2006 and February 16, 2007.

First, with respect to Interstate's lien foreclosure claim, the part of the limited judgment addressing that claim, in addition to stating that the claim was "invalid as a matter of law," also determined that Springville was the prevailing party and entitled to an award of attorney fees and costs "to be determined by ORCP 68." That is some, but not indisputable, evidence that the trial court intended to dispose conclusively of that claim. In addition, the supplemental judgment adjudicating Springville's request made pursuant to ORCP 68 for costs and attorney fees contained provisions from which we can infer the trial court's intent. First (1)(h)(1) and (2) of the trial court's findings provide:

> "The Court takes the opportunity to clarify the basis for the above findings, and references findings made at trial, to-wit:
>
> "1)  Plaintiff's Construction Lien was overstated and thus failed on that basis. * * *
>
> "2)  Based on unsatisfactory work that *was* actually performed by Interstate and/or its subcontractors, Plaintiff was in breach."

(Emphasis in original.) Second, evidence of the trial court's intent is found in the following language in the supplemental judgment:

> "The Court finds it appropriate to award partial attorney fees that reflect both the fact that Defendant prevailed on the Lien Claim and Breach of Contract *and* the totality of the evidence, including the findings recited on the record and those reflected above."

(Emphasis in original.) Similarly, and although we accord the following evidence less weight because the proceedings occurred after entry of the limited judgment, the tenor of the transcript excerpts were to the effect that the trial court believed that it had resolved Interstate's lien foreclosure claim.

Taking into account those parts of the record, we determine that, when the trial court entered that judgment,

it intended to dispose conclusively of Interstate's lien foreclosure claim.

■     By contrast, there is virtually no indication in the parts of the record before the court that help us resolve in the ambiguity in the limited judgment as to whether the trial court intended to dispose conclusively of Springville's negligence claim.

As applicable to that claim, Interstate contests the significance of a number of other aspects of the limited judgment on which we relied in determining its appealability. Interstate argues that none of them detracts from the determination that the limited judgment was conclusive as to all three claims mentioned therein. The point of our discussion of the various aspects of the judgment is not that any one of them indicates that the trial court did not intend the limited judgment to be conclusive as to all claims mentioned therein. Rather, our point is that those aspects, individually or collectively, do not resolve the ambiguity created in the first instance when the trial court characterized the claim as "not available," nor do parts of the trial court record available to us allow us to conclude that the trial court intended to dispose conclusively of Springville's negligence claim.

We acknowledge the apparent inconsistency in treating the limited judgment as having not disposed of the third in a list of three claims that, given the format of the judgment, appear to have been given equal status. Nevertheless, the methodology for interpreting judgments compels that conclusion. A reasonable reading of the trial court's description of each claim does not lead unambiguously to the conclusion that the trial court intended to resolve conclusively any of the three claims. The limited judgment itself, by including a money award as to Springville's breach of contract claim, allows us to resolve the ambiguity as to that claim, but the limited judgment does not resolve the ambiguity as to Interstate's lien foreclosure claim or Springville's negligence claim. The remainder of the trial court record available to us resolved the ambiguity as to Interstate's lien foreclosure claim. But neither the limited judgment itself nor the remainder of the trial court record resolves the ambiguity as to Springville's negligence claim. As a result, Springville's

negligence claim was not conclusively resolved until entry of the general judgment.

Motion to reconsider granted; opinion modified and adhered to as modified; motion to dismiss the appeal granted.