Argued and submitted February 17, affirmed March 24, 2021

Bryce ALTENHOFEN,
*Plaintiff-Appellant,*

*v.*

CHYP, LLC;
GOCHYP, LLC; Steven Lemma II;
and Anthony Lemma,
*Defendants-Respondents.*

GOCHYP, LLC,
*Counter-Plaintiff,*

*v.*

Bryce ALTENHOFEN,
*Counter-Defendant.*

GOCHYP, LLC,
*Third-Party Plaintiff,*

*v.*

Joshua SPICER;
Capital Payments, Inc.;
and Capital Payments, LLC,
*Third-Party Defendants.*

Multnomah County Circuit Court
17CV32533; A171227

484 P3d 404

David F. Rees, Judge.

Michael T. Stone argued the cause and filed the briefs for appellant.

Peter D. Hawkes argued the cause for respondents. Also on the brief was Lane Powell PC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Sparing the details of the brambled procedural path to the present, the question before us is whether the trial court's order granting defendant's motion for judgment notwithstanding the verdict (JNOV) was untimely entered under ORCP 63 D(1), making it a legal nullity that the court should have set aside. *See Micek v. LeMaster*, 71 Or App 361, 364, 692 P2d 652 (1984), *rev den*, 298 Or 773 (1985) (untimely order granting a JNOV is void). The answer depends on whether a document entered into the trial court register on January 18, 2019—entitled "General Judgment and Money Award"—was itself a legal nullity. If so, then the order granting the JNOV was timely and must stand. If not, then the order granting the JNOV is itself void and should have been set aside. We conclude that the January document was not a legally valid judgment and, therefore, affirm the trial court's decision not to set aside the JNOV.

Naming something a "judgment" does not make it one. *Galfano v. KTVL-TV*, 196 Or App 425, 430, 102 P3d 766 (2004). To be a "legally efficacious judgment," a document must satisfy the substantive and formal requirements of Oregon's judgment statutes. *Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 152, 218 P3d 113 (2009). Those statutes allow for three distinct types of judgments: limited judgments, general judgments, and supplemental judgments. *Id.* at 152-53; ORS 18.005(7), (13), (17). The January document undisputedly is not a supplemental judgment; does it qualify, however, as a general judgment or a limited judgment? To be a general judgment, a document must "decide[] all requests for relief" except those previously decided by limited judgment or authorized to be decided by supplemental judgment. ORS 18.005(7). Although there are several ways a document can be a limited judgment, *see* ORS 18.005(13), here the only potentially relevant one is through ORCP 67 B. That rule provides for the entry of a limited judgment "as to one or more but fewer than all of the claims or parties." ORCP 67 B; ORS 18.005(13)(a). To enter a valid ORCP 67 B judgment, a court must first "determine[] that there is no just reason for delay."

As noted, the subject document is labeled "General Judgment and Money Award." Despite that label, the document explicitly does *not* determine all requests for relief; it states that there is "an amount to be determined by the court for a statutory penalty" on plaintiff's first claim for relief. Further, the claim for a statutory penalty was not previously determined by a limited judgment, and plaintiff has identified no authority for determining it by supplemental judgment. The document therefore is not a legally valid general judgment. Although the dangling claim for relief could mean that the document is a limited judgment, the trial court never made the required determination that there was no just reason for delay. Also, because the document is not entitled "limited judgment," we have no basis to presume that finding. *See* ORS 18.052(1) (judgment document need not state "no just reason for delay" determination if titled "limited judgment"). The document therefore is not a legally valid limited judgment. The order granting the motion for JNOV thus was timely and the trial court correctly declined to set it aside.

Affirmed.